IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| GREGORY SHERF, | ) |
| | ) |
| Plaintiff, | ) Case No.: 05-447-CV-W-HFS |
| | ) |
| v. | ) |
| | ) |
| CHARLES ANTONIAK and | ) |
| CROWD SYSTEMS, INC., | ) |
| | ) |
| Defendant. | ) |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION IN LIMINE

COME NOW Defendants Charles Antoniak, ("Antoniak") and Crowd Systems, Inc. ("CSI") (known collectively as "defendants"), by and through counsel, and hereby submit their Response to Plaintiff's Motion in Limine filed on April 2, 2007.

**1.    Evidence that Gregory Sherf was intoxicated should be admitted.**

Plaintiff contends that allowing evidence that Mr. Sherf was intoxicated would be "extremely prejudicial" to his case and that such prejudice would outweigh the probative value of the evidence. Ordinarily, determination of what evidence will be admitted is left to the discretion of the trial court. Fed.R.Evid. 609; *U.S. v. Burkhead*, 646 F.2d 1283 (8th Cir. 1981).

"'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable than it would be without the evidence." Fed. Rule Evid. 401. Evidence of Mr. Sherf's intoxication at the time of the incident is relevant to his ability to see, hear, perceive, observe and remember the events that took place. As a witness, Mr. Sherf's testimony may be impeached to show that he was intoxicated at the time of the incident. A number of courts have recognized that a witness's

intoxication is always relevant and admissible to attack the credibility of the witness. *See e.g.*, *Miles v. Ryan*, 484 F.2d 1255, 1257-1258 (3rd Cir. 1973); *Order of United Commercial Travelers v. Tripp*, 63 F.2d 37, 39 (10th Cir. 1933); *Rodriguez v. Suzuki Motor Corp.,* 936 S.W.2d 104, 106 (Mo. banc 1996); *State v. Orantez*, 183 Ariz. 218, 222, 902 P.2d 824, 828 (1995); *Guess v. Escobar***,** 26 S.W.3d 235, 243-244 (Mo.App. ,2000); *Dean v. St. Anthony's Medical Center,* 978 S.W.2d 423, 426 (Mo.App. 1998); *Johnston v. Conger,* 854 S.W.2d 480, 483 (Mo.App. 1993). In *Rodriguez v. Suzuki Motor Corp.,* the Missouri Supreme Court stated that such "evidence is admissible by cross-examination or by independent testimony." 936 S.W.2d at 106. The editors of the ALR stated the following on this issue:

> It is a widely recognized principle that evidence of intoxication of a witness at the very time of the matter about which he testifies is relevant on the issue of the credibility of his testimony on that matter, and hence may be received, if it is otherwise proper, and the manner of its introduction or the examination eliciting it is otherwise proper.

8 A.L.R. 3d 749 § 3 (originally published in 1966), Impeachment of witness with respect to intoxication.

Thus, here, the evidence that Mr. Sherf had consumed alcohol and was intoxicated at the time of the incident is relevant to his ability to perceive the events about which he will be testifying at trial and about which he did testify to in his deposition. The evidence goes to his credibility as a witness. As explained above, numerous courts recognize the importance of evidence of intoxication of a witness, and have held this evidence not to be sufficiently prejudicial to prevent it from being presented to a jury.

In addition to the evidence of intoxication being admissible to show that plaintiff may not recall the events of the incident clearly, it is also admissible because it tends to show that plaintiff behaved in the erratic manner testified to by Officer Antoniak. This is

relevant to the central issues in this case, i.e., whether Officer Antoniak had probable cause to arrest plaintiff, and whether the force he used in restraining plaintiff and preventing his escape was reasonably necessary under the circumstances. The evidence is also admissible and relevant because it tends to show that Officer Antoniak and the other witnesses perceived plaintiff as a person who was under the influence of alcohol, rather than a helpful innocent attendee at the event. Officer Antoniak and the other medical and emergency personnel testified at their depositions that they believed that the plaintiff was under the influence of alcohol at the time of the incident. (*See* Deposition of Charles Antoniak, 93:25 – 94:16, attached hereto as Exhibit "A"; Deposition of Andrew K. Sheer, 16:11 – 17:5, attached hereto as Exhibit "B"; Deposition of Ronald L. Quirk, 10:3 – 10:8, attached as Exhibit "C"; Deposition of Robert B. Petrie, 20:3 – 20:22 and 69:13-15, attached as Exhibit "D"; Deposition of Kenny DeWalt, 14:13-23, attached as Exhibit "E").

The witnesses perceptions and beliefs as to plaintiff's level of intoxication are relevant, not only to whether plaintiff acted in the erratic manner asserted by the defendants, but also as to the reasonableness of Officer Antoniak's treatment of plaintiff. Officer Antoniak's perceptions of the situation at the time he acted to arrest and restrain plaintiff are certainly at issue here, and the jury should have the opportunity to learn that a number of witnesses perceived him as behaving as though he was under the influence of alcohol at the time of the incident.

Thus, for all the reasons stated above, this Court should deny plaintiff's Motion in Limine to exclude evidence of plaintiff's intoxication.

>   **2.    Evidence that the fallen woman was intoxicated and was not having a seizure should be admitted.**

Plaintiff next argues that evidence that the woman who fell was not having a seizure, and was instead intoxicated, should be excluded on the grounds of relevancy. However, this evidence is relevant and admissible for two reasons. First, it is relevant to show that plaintiff's own perceptions about what was occurring were skewed, and that he was not thinking straight at the time of the incident. If he had been sober and not suffering from whatever mental and emotional problems for which he was seeking treatment at the time of the incident, it is more likely than not that he would have perceived that the woman was not having a seizure nor needing his "Good Samaritan" intervention. Furthermore, the testimony of the medical personnel that the woman smelled of alcohol and was acting in a manner consistent with intoxication from alcohol shows that plaintiff's ability to understand the events that led to the incident and his perception and recollection of the events in question were not clear. (*See*, Exhibit D, 7:23 – 9:4; Exhibit E, 10:18 – 13:19).

Second, the evidence that the woman was intoxicated is relevant as background and foundational evidence that the jury is entitled to hear to fully understand the facts of this case. *See, e.g.*, *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002) (evidence of prior discrimination admissible as background evidence in a claim under Title VII for hostile environment workplace discrimination); *U.S. v. Young*, 745 F.2d 733, 761 (expert witness's testimony regarding retail heroin distribution methods was admissible as background for his testimony about the operating methods of a heroin mill). The fact that the woman who fell was observed to be intoxicated by a number of witnesses helps the jury to fully understand the scene upon which the events that led up to the incident occurred. Without this information, the

4
Case 4:05-cv-00447-JTM   Document 137   Filed 04/20/07   Page 4 of 13

jury will be left with a false impression of what was actually occurring at the time of the incident.

### 3. Evidence concerning medical, psychological, or psychiatric treatment of plaintiff's son Spencer Sherf should be admitted.

Plaintiff contends that the evidence regarding the treatment of Spencer Sherf should not be admitted because it is subject to the privileges set forth in Section 491.060 R.S.Mo.[1] That section protects a person who has been treated by a psychologist from having information provided to the psychologist during treatment exposed at trial. *See State ex rel. Dean v. Cunningham*, 182 S.W.2d 561, 563 (Mo. banc 2006) ("The physician-patient privilege in section 491.060(5) provides that various health care providers, including physicians and psychologists, are incompetent to testify concerning any information acquired while attending a patient in a professional capacity.") However, the privilege may be waived when the psychological condition of the person who was treated is put in issue.

In *State ex rel. Svejda v. Roldan*, 88 S.W.3d 531, 532-533 (Mo.App. 2002), the court examined whether the plaintiff's psychological records should be admitted in light of Section 491.060(5). First, the court observed that the psychologist-patient privilege would limit discovery of the plaintiff's psychological records. *State ex rel. Crowden v. Dandurand,* 970 S.W.2d 340, 342 (Mo. banc 1998) (recognizing that medical records generally fall within physician-patient privilege). However, in that case, as here, the plaintiff had put her mental condition at issue, and therefore the court concluded that she

---

[1] Fed. R. Evid. 501 provides that the privilege of a witness or person shall be governed by the common law, except in civil actions where an element of a claim or defense "as to which State law supplies the rule of decision, the privilege of a witness, person, government, State or political subdivision thereof shall be determined in accordance with State law." Thus, the law of Missouri applies to the claim of privilege in the false imprisonment and assault and battery claims, and the common law applies to the claim of privilege to the claims arising under federal law.

had waived the privilege, making those records discoverable under Rule 56.01. *Id.* (citing *Cline v. William H. Friedman & Assoc., Inc.,* 882 S.W.2d 754, 761 (Mo.App. 1994) (stating that "[o]nce a party places the matter of his physical or mental condition in issue under the pleadings, the party waives the privilege with respect to any information bearing on the issue."))

Here, plaintiff's psychological condition is at issue because he is claiming to have experienced psychological trauma as a result of the incident. Thus, Mr. Sherf has waived any privilege associated with his psychological treatment prior to the incident. Prior to the incident, not only had Mr. Sherf sought individual psychological counseling, he had participated in marital and family counseling sessions, and had participated in counseling sessions with his son, Spencer Sherf. (*See* Defendants' Combined Suggestions in Opposition to Plaintiff's Motion for Payment, and Motion for Order to Show Cause, and Defendants' Reply Suggestions in Support of Motion for Order to Show Cause, where defendants explain in detail the psychological treatment of plaintiff and his participation in family and couples' counseling).

As explained in their Reply Suggestions in Support of Motion for Order to Show Cause, which is incorporated by reference herein, defendants will not introduce any records regarding the treatment of Spencer Sherf alone, but only the portions of the medical records of the sessions that Mr. Sherf attended with Spencer Sherf that relate to Mr. Sherf's own mental and psychological problems. Thus, the physician-patient privilege does not apply to these records, and defendants should be allowed to introduce them as evidence at trial.

  **4. Evidence regarding plaintiff's son as a troubled child should be admitted**.

Plaintiff argues that defendants should be prohibited from introducing any evidence or discussion of plaintiff's stresses that are related to his troubled son, Spencer. As explained above, plaintiff has put his mental and emotional health at issue in this case by claiming that he suffered emotional and mental damage as a result of the incident. Thus, any evidence that would tend to show that his alleged damages were not the result of the incident is relevant and admissible. Plaintiff sought treatment from a mental health provider prior to the incident. One of the issues he discussed at his counseling sessions was his concern for his son. And, after the incident, plaintiff continued to receive treatment for his anxiety and high stress levels. At these subsequent counseling sessions plaintiff also listed his concerns for his son as one of the sources of his anxiety and stress.

Plaintiff cannot remove the evidence of his stress that was related to his son from the jury's consideration just because it would be uncomfortable for plaintiff or his son. All the medical records that contain information about plaintiff's mental and emotional health are relevant and should be admitted. Because some of these records and possible testimony at trial will show plaintiff was under a great deal of stress both prior to and after the incident due to his concern over his son, it is absolutely necessary for the jury to be able to consider this factor in weighing whether plaintiff's claimed damages are in fact, the result of the alleged actions of defendants.

**5.    Evidence of marijuana use by plaintiff should be admitted.**

Plaintiff contends that the evidence of his use of marijuana is irrelevant and immaterial and is too prejudicial to be allowed. However, the evidence that defendants seek to introduce regarding the plaintiff's use of marijuana is relevant and not outweighed by any prejudice to plaintiff. Defendants will seek to introduce evidence that

plaintiff is a habitual marijuana user to prove both that it is more likely than not that he behaved in the erratic manner that defendants allege on the day of the incident, and also to prove that his alleged mental and emotional issues existed prior to the incident. Plaintiff's medical records reflect that he claimed to have a marijuana addiction, and that he sought counseling in order to break his marijuana habit. (*See, e.g.*, medical records from Sergio Zaderenko, M.D.). Plaintiff told his counselor that he smoked marijuana every day, more than one time a day, and that this was the only thing that could "calm him down." *Id.* Defendants will use this evidence to show that plaintiff has anxiety problems, and these problems existed long before the incident in question.

Furthermore, only if the probative value of the evidence is so outweighed by its prejudicial effect can it be considered inadmissible. Fed.R.Evid. 403(b); *see also Wood v. Valley Forge Life Ins. Co.*, 478 F.3d 941, 946 (8th Cir. 2007). Here, the evidence of plaintiff's marijuana use is essential to defendants' defense on the issues of both liability and damages. Its prejudicial effect does not outweigh its probative value on the central issues of this case, and therefore defendants must be allowed to submit this evidence to the jury.

Moreover, and of notable importance, plaintiff seeks to include a series of *voir dire* regarding "Marijuana use". *See* Plaintiff's Proposed Voir Dire, Sec. 20. Therefore, plaintiff implicitly concurs that the evidence is relevant because he expects it to come into evidence.

**6.    Evidence concerning "couples counseling" sought by plaintiff and his wife should be admitted**.

Plaintiff argues that evidence that he and his wife attended couples counseling should not be admitted because it is "irrelevant and immaterial to the issues before the

8

Court and the jury, and further are entirely personal to the plaintiff and his wife." However, as explained above, plaintiff has put his emotional and mental health at issue in this case through his claim of damages. Therefore, defendants have a right to introduce evidence of the plaintiff's mental and emotional well-being both before and after the incident to contradict and rebut plaintiff's claims of damages. There is evidence in the medical records that plaintiff was having stress in his marriage prior to the incident, and that because of this stress, his claimed emotional and mental damages were pre-existing, and/or not caused by any of the alleged actions by Officer Antoniak. The evidence of plaintiff's marital troubles are therefore admissible and relevant to the damages issue.

Plaintiff also claims that the medical records containing the evidence of his counseling for marital difficulties prior to the incident are inadmissible hearsay. However, the information concerning his marital counseling that defendants will seek to introduce will be taken from the medical records listed on defendants' exhibit list, and are clearly admissible under the business records exception to the hearsay rule. *See* Fed.R.Evid. 803(6); s*ee also Sosna v. Binnington,* 321 F.3d 742, 747 (8th Cir. 2003) (holding the District Court did not abuse its discretion when it admitted the entire autopsy report into evidence under Rule 803(6) as a business record).

**10. Evidence of witnesses not appearing at municipal trial should be admitted.**

Plaintiff contends that evidence concerning certain witnesses' failures to appear at the underlying municipal criminal court trial against Gregory Sherf should be excluded. Specifically, plaintiff seeks to exclude testimony by Officer Antoniak that the municipal court judge told him that he had dismissed the charges against plaintiff because there were no witnesses present to testify in support of the charges. However, defendants do

9
Case 4:05-cv-00447-JTM   Document 137   Filed 04/20/07   Page 9 of 13

not seek to offer evidence of what the municipal court judge told Officer Antoniak concerning the dismissal (or acquittal) of plaintiff. Rather, defendants do seek to offer evidence that key witnesses in the municipal court trial did not appear to testify at the trial. The jury should have the opportunity to infer that plaintiff might have been convicted of the criminal charges against him had certain witnesses appeared to testify in favor of the State, including David Powell, the CSI Manager at the car show event. To not allow defendants the opportunity to present this evidence will be prejudicial to their defenses in this case because it will leave the jury with the impression that plaintiff was exonerated after a "full trial on the merits," as plaintiff characterizes the trial, and/or that the State put on its "best case" against plaintiff, and yet plaintiff was still acquitted. Although there may have been a trial on the merits, there is no way the State could have obtained a conviction without the testimony of at least one key witness who was subpoenaed, but failed to appear. The Court should not allow the jury to be left with such a false impression in this trial.

### 11. Evidence that plaintiff told defendant Antoniak "I'm a doctor" should be admitted.

Plaintiff also claims that evidence that he told the medical personnel rendering care to the fallen woman "I'm a doctor" should not be admitted because it is irrelevant, immaterial, and Officer Antoniak did not actually hear it. As to the relevancy argument, the statement tends to show that plaintiff was acting in the erratic, irrational, and out of control way as alleged by defendants which justified his arrest and restraint by Officer Antoniak. These are central issues in this case, and cannot be considered irrelevant. Furthermore, Firefighter Kenny DeWalt and CSI Supervisor Andy Sheer both testified at their depositions that plaintiff indicated several times that he was, in fact, a medical

professional and "doctor". (Exhibit B, 12:20 – 14:9, 15:17-20, 21:6-8, 21:18 – 22:3, 61:1-16; Exhibit E, 7:9 - 10:8). This evidence is relevant to the mindset of the medical and emergency personnel that plaintiff was acting in an erratic, irrational manner and needed to be removed from the situation.

The argument that Plaintiff's statement is inadmissible hearsay is also untenable for a number of reasons. First, hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed.R.Evid. 801; *Moore v. Plaster*, 313 F.3d 442, 444 (8th Cir. 2002) (holding that certain testimony was not inadmissible hearsay because it was not considered by the jury to determine the truth of the matter asserted). Here, the statement that plaintiff is "a doctor" is not being offered for the truth of plaintiff's medical credentials, which of course he lacks. It is being offered to show that he made this statement while interfering with the medical personnel helping the woman who fell. Its truth is irrelevant to the probative value of the statement, which, as explained above, tends to show that he was acting in the manner asserted by defendants during the incident.

Second, even if this statement could be considered hearsay, it would be admissible under the exceptions to hearsay under the Federal Rules of Evidence. Federal Rule of Evidence 803(2) provides that an excited utterance is "[a] statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." Such a statement is not excluded by the hearsay rule, even though the declarant is available as a witness. *Id.* "'For the excited utterance exception to apply, the declarant's condition at the time of making the statement must be

11

such that the statement was spontaneous, excited or impulsive rather than the product of reflection and deliberation.'" *U.S. v. Clemmons*, 461 F.3d 1057, 1061 (8th Cir. 2006) (quoting *Reed v. Thalacker,* 198 F.3d 1058, 1061 (8th Cir.1999)). Here, plaintiff was under the stress of the situation – as he perceived it - when he made this statement, and thus, it was an excited utterance. Therefore, even if it were being offered for the truth of the matter asserted, it would be admissible as an excited utterance.

**WALDECK, MATTEUZZI & SLOAN, P.C.**

*/s/ Brian T. Goldstein*
John M. Waldeck     Mo. Bar #47570
Brian T. Goldstein     Mo. Bar #50191
11181 Overbrook Road, Suite 200
Leawood, KS 66211
P: 913-253-2500
F: 913-253-2501
**ATTORNEYS FOR DEFENDANT**

**Certificate of Service:**

The undersigned certifies that on the 19th of April, 2007, the foregoing was electronically filed with the United States District Court for the Western District of Missouri using the CM/ECF system which sent notification of such filing to the following:

David R. Smith
David R. Smith, P.C.
901 W. 43rd Street
Kansas City, MO 64111
P: 816-753-9393
F: 816-778-0957

Sophie Woodworth
Law Offices of Sophie Woodworth
1125 Grand Blvd., Suite 1400
Kansas City, MO 64106
P: 816-519-3876
F: 816-756-2265
**ATTORNEYS FOR PLAINTIFF**

*/s/ Brian T. Goldstein*
ATTORNEYS FOR DEFENDANT

**CERTIFICATE OF SIGNING:**

The original of the foregoing document was signed by Brian T. Goldstein and is being kept in the client files of Waldeck, Matteuzzi & Sloan, P.C.

13
Case 4:05-cv-00447-JTM   Document 137   Filed 04/20/07   Page 13 of 13