IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| GREGORY SHERF, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 05-0447-CV-W-HFS |
| | ) | |
| CHARLES ANTONIAK, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This case was recently rescheduled for trial on the October docket. Since I am no longer trying jury cases, because of shortened courthouse hours (because of family obligations), further rulings will be made in light of another judge's having trial responsibilities.

There is a long-standing motion to quash subpoena, seeking police department personnel records for defendant Antoniak. The records have been submitted for en camera examination and have been reviewed by me. Because I see nothing in the records that would not complicate the trial unduly, the motion to quash will be granted.[1]

The parties have briefed the issues of privilege. Personnel records of a government agency are generally not subject to blanket examination simply because litigation is pending, but reasonably limited discovery has frequently been allowed. See, e.g., discussion and citations in Zackery v. Stockton Police Dept., 2007 WL 1655634 (E.D. Cal.); State ex rel. City of Springfield v. Brown,

---

[1]If plaintiff remains seriously interested in the records he could ask another judge to allow the lawyers to examine the records to double-check my impressions; that is, under obligations to treat them as confidential unless and until released by the trial judge. I do not believe it would be useful for another judge to simply repeat what I have done, but of course that would be his or her privilege.

181 S.W. 3d 219, 223-4, (Mo.App. 2005). An Eighth Circuit ruling of interest is <u>Mettler v. Whitledge</u>, 165 F.3d 1197, 1204-6 (1999). If I had found material of distinct use for plaintiff's case I would have opened the records to counsel.

The records relating to defendant Antoniak do contain some problematic material, but nothing close to the issues in this case. If offered in evidence I could foresee both sides trying to supplement the material, which would complicate the trial. Even I found conduct closely parallel to that alleged in this case there would probably be a legal prohibition against trying to advance forbidden recidivist contentions. See <u>Barry v. Oswalt</u>, 143 F.3d 1127 (8th Cir. 1998) (reversal for allowing evidence of multiple rapes and sex violations when defendant's motivation was not the issue).

This case should be closely focused on the incident that led to litigation. After in camera review of the records produced for my examination the motion to quash (Doc. 95) is GRANTED.[2]

    /s/ Howard F. Sachs
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

August 6, 2007

Kansas City, Missouri

---

[2] The material produced will be retained until no longer of conceivable trial or appellate use.