IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

GREGORY SHERF,
            Plaintiff(s),

vs.                                              Case No. 05-0447-CV-W-JTM

CHARLES ANTONIAK and
CROWD SYSTEMS,
            Defendant(s).

**INSTRUCTIONS USED BY JURORS**

## Instruction No. _1_

Ladies and Gentlemen: I will take a few moments now to give you some initial instructions about this case and about your duties as jurors. At the end of the trial I will give you further instructions. I may also give you instructions during the trial. Unless I specifically tell you otherwise, all such instructions - both those I give you now and those I give you later - are equally binding on you and must be followed.

This is a civil case brought by the plaintiff against the defendants. The plaintiff alleges that the defendants violated plaintiff's constitutional rights on February 15, 2002, when defendant Antoniak, acting as a police officer and on behalf of defendant Crowd Systems, Inc., assaulted, battered, and falsely imprisoned plaintiff. The defendants deny the allegations. It will be your duty to decide from the evidence whether the plaintiff is entitled to a verdict against the defendants.

From the evidence you will decide what the facts are. You are entitled to consider that evidence in the light of your own observations and experiences in the affairs of life. You will then apply those facts to the law which I give you in these and in my other instructions, and in that way reach your verdict. You are the sole judges of the facts; but you must follow the law as stated in my instructions, whether you agree with it or not.

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness says, or only part of it, or none of it.

In deciding what testimony to believe, consider the witnesses' intelligence, their opportunity to have seen or heard the things they testify about, their memories, any motives they may have for testifying a certain way, their manner while testifying, whether they said something different at an earlier time, the general reasonableness of their testimony and the extent to which their testimony is consistent with other evidence that you believe.

Do not allow sympathy or prejudice to influence you. The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

## Instruction No. 2

I have mentioned the word "evidence" "Evidence" includes the testimony of witnesses; documents and other things received as exhibits; any facts that have been stipulated - that is, formally agreed to by the parties.

Certain things are not evidence. I will list those things for you now:

1. Statements, arguments, questions and comments by lawyers are not evidence.

2. Exhibits that are identified by a party but not offered or received in evidence are not evidence.

3. Objections are not evidence. Lawyers have a right and sometimes an obligation to object when they believe something is improper. You should not be influenced by the objection. If I sustain an objection to a question or an exhibit, you must ignore the question or the exhibit and must not try to guess what the information might have been.

4. Testimony and exhibits that I strike from the record, or tell you to disregard, are not evidence and must not be considered.

5. Anything you see or hear about this case outside the courtroom is not evidence.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for one particular purpose, and not for any other purpose. I will tell you when that occurs, and instruct you on the purposes for which the item can and cannot be used.

Some of you may have heard the terms "direct evidence" and "circumstantial evidence." You are instructed that you should not be concerned with those terms, since the law makes no distinction between the weight to be given to direct and circumstantial evidence.

# Instruction No. 3

During the trial it may be necessary for me to speak with the lawyers out of your hearing, either by having a bench conference here while you are present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence which govern the trial, and to avoid confusion and error. We will, of course, do what we can to keep the number and length of these conferences to a minimum.

# INSTRUCTION NO. 4

At the end of the trial you must make your decision based on what you recall of the evidence. You will not have a written transcript to consult, and it may not be practical for the court reporter to read back lengthy testimony. You must pay close attention to the testimony as it is given.

If you wish, however, you may take notes to help you remember what witnesses said. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. And do not let note-taking distract you so that you do not hear other answers by the witness.

When you leave at night, your notes will be secured and not read by anyone.

## Instruction No. 5

To insure fairness, you as jurors must obey the following rules:

*First*, do not talk among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdict.

*Second*, do not talk with anyone else about this case, or about anyone involved with it, until the trial has ended and you have been discharged as jurors.

*Third*, when you are outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it [until the trial has ended and your verdict has been accepted by me]. If someone should try to talk to you about the case [during the trial], please report it to me.

*Fourth*, during the trial you should not talk with or speak to any of the parties, lawyers or witnesses involved in this case - you should not even pass the time of day with any of them. It is important not only that you do justice in this case, but that you also give the appearance of doing justice. If a person from one side of the lawsuit sees you talking to a person from the other side - even if it is simply to pass the time of day - an unwarranted and unnecessary suspicion about your fairness might be aroused. If any lawyer, party or witness does not speak to you when you pass in the hall, ride the elevator or the like, remember it is because they are not supposed to talk or visit with you either.

*Fifth*, do not read any news stories or articles about the case, or about anyone involved with it, or listen to any radio, television or Internet reports about the case or about anyone involved with it.

*Sixth*, do not do any research or make any investigation on your own about any matter involved in this case. By way of examples, that means you must not consult a dictionary, textbook, encyclopedia, talk with a person you consider knowledgeable, or go to the Internet for information about some issue or person in this case. In fairness, learn about this case from the evidence you receive here at the trial and apply it to the law as I give it to you.

*Seventh*, cell phones are not permitted in the jury room during deliberations.

*Eighth*, do not make up your mind during the trial about what the verdict should be. Keep an open mind until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence.

## Instruction No. 6

The trial will proceed in the following manner:

First, the plaintiff's attorney may make an opening statement. Next, the defendants' attorney may make an opening statement. An opening statement is not evidence but is simply a summary of what the attorney expects the evidence to be.

The plaintiff will then present evidence and counsel for the defendants may cross-examine. Following the plaintiff's case, the defendants may present evidence and plaintiff's counsel may cross-examine.

After presentation of evidence is completed, the attorneys will make their closing arguments to summarize and interpret the evidence for you. As with opening statements, closing arguments are not evidence. The court will instruct you further on the law. After that you will retire to deliberate on your verdict.

### Instruction No. 7

Members of the jury, the instructions I gave at the beginning of the trial and during the trial remain in effect. I now give you some additional instructions.

You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now. You must not single out some instructions and ignore others, because <u>all</u> are important.

The instructions I am about to give you now [as well as those I gave you earlier] are in writing and will be available to you in the jury room. I emphasize, however, that this does not mean they are more important than my earlier instructions. Again, <u>all</u> instructions, whenever given and whether in writing or not, must be followed.

## Instruction No. 8

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, you may consider a witness' intelligence, the opportunity a witness had to see or hear the things testified about, a witness' memory, any motives a witness may have for testifying a certain way, the manner of a witness while testifying, whether a witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

## Instruction No. 9

In these instructions you are told that your verdict depends on whether you find certain facts have been proved. The burden of proving a fact is upon the party whose claim depends upon that fact. The party who has the burden of proving a fact must prove it by the greater weight of the evidence. To prove something by the greater weight of the evidence is to prove that it is more likely true than not true. It is determined by considering all of the evidence and deciding which evidence is more believable. If, on any issue in the case, the evidence is equally balanced, you cannot find that issue has been proved.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard which applies in criminal cases. It does not apply in civil cases such as this. You should, therefore, put it out of your minds.

# Instruction No. 10

In conducting your deliberations and returning your verdict, there are certain rules you must follow.

*First*, when you go to the jury room, you must select one of your members as your foreperson. That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement if you can do so without violence to individual judgment, because a verdict must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict. Remember at all times that you are not partisans. You are judges - judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

*Third*, if you need to communicate with me during your deliberations, you may send a note to me through the marshal or bailiff, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember that you should not tell anyone - including me - how your votes stand numerically.

*Fourth*, your verdict must be based solely on the evidence and on the law which I have given to you in my instructions. The verdict must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be - that is entirely for you to decide.

*Finally*, the verdict forms are simply the written notice of the decision that you reach in this case. You will take the form to the jury room, and when each of you has agreed on the verdict, your foreperson will fill in the form, sign and date it, and advise the marshal or bailiff that you are ready to return to the courtroom.

If more than one form was furnished, you will bring the unused forms in with you.

**Instruction No. 11**

Your verdict must be for plaintiff Sherf and against defendant Antoniak on plaintiff Sherf's claims of excessive force if all the following elements have been proved by the greater weight of the evidence:

*First*, defendant Antoniak forced plaintiff Sherf against a wall or forced plaintiff Sherf to the ground in the act of taking plaintiff Sherf into custody, and

*Second*, the use of such force was excessive because it was not reasonably necessary to take plaintiff Sherf into custody, and

*Third*, as a direct result, plaintiff Sherf was damaged.

In determining whether such force, was "not reasonably necessary," you must consider such factors as the need for the application of force, the relationship between the need and the amount of force that was used, the extent of the injury inflicted, and whether a reasonable officer on the scene, without the benefit of 20/20 hindsight, would have used such force under similar circumstances. The jury must consider that police officers are often forced to make judgments about the amount of force that is necessary in circumstances that are tense, uncertain and rapidly evolving. The jury must consider whether the officer's actions are reasonable in the light of the facts and circumstances confronting the officer, without regard to the officer's own state of mind, intention or motivation.

If any of the above elements has not been proved by the greater weight of the evidence, then your verdict must be for defendant Antoniak.

# Instruction No. 12

Your verdict must be for plaintiff Sherf and against defendant Antoniak on plaintiff Sherf's claim of unlawful arrest if all the following elements have been proved by the greater weight of the evidence:

*First*, defendant Antoniak arrested plaintiff Sherf without probable cause to conclude that a crime had been committed or was about to be committed, and

*Second*, as a direct result, plaintiff Sherf was damaged.

Probable cause to make an arrest means that, at the time of the arrest, a police officer had information that would lead a reasonable police officer to conclude that the person being arrested had committed or was about to commit a crime.

## Instruction No. 13

If you find in favor of plaintiff Sherf, then you must award plaintiff Sherf such sum as you find from the greater weight of the evidence will fairly and justly compensate plaintiff Sherf for any damages you find plaintiff Sherf sustained and is reasonably certain to sustain in the future as a direct result of the conduct of defendant Antoniak as submitted in Instruction __11__ or Instruction __12__. You should consider the following elements of damages:

1. The physical pain or emotional suffering plaintiff Sherf has experienced and is reasonably certain to experience in the future; the nature and extent of the injury, whether the injury is temporary or permanent and whether any resulting disability is partial or total and an aggravation of pre-existing conditions;

2. The reasonable value of the medical hospital, nursing, and similar care and supplies reasonably needed by and actually provided to plaintiff Sherf and reasonably certain to be needed and provided in the future;

Remember, throughout your deliberations you must not engage in any speculations, guess, or conjecture and you must not award any damages under this Instruction by way of punishment or through sympathy.

## Instruction No. 14

If you find in favor of plaintiff under Instruction 11 or Instruction 12 but you find that plaintiff Sherf's damages have no monetary value, then you must return a verdict for plaintiff in the nominal amount of One Dollar ($1.00).

**Instruction No. 15**

In addition to the damages mentioned in other instructions, the law permits the jury under certain circumstances to award punitive damages.

If you find in favor of plaintiff Sherf under Instruction __11__ or Instruction __12__, and if you find by the greater weight of the evidence that the conduct of defendant Antoniak as submitted in Instruction __11__ or Instruction __12__ was malicious or recklessly indifferent to the federally protected rights of plaintiff Sherf then you may, but are not required to, award plaintiff Sherf an additional amount as punitive damages for the sole purposes of punishing defendant Antoniak for engaging in such misconduct and deterring defendant Antoniak and others from engaging in such misconduct in the future.

If you decide to award punitive damages, you should consider the following in deciding the amount of punitive damages to award:

1. how reprehensible defendant Antoniak's conduct was toward plaintiff Sherf. In this regard, you may consider whether the harm suffered by plaintiff Sherf was physical or economic or both; whether there was violence, deceit, intentional malice, reckless disregard for human health or safety; and whether there was any repetition of the wrongful conduct and past conduct of the sort that harmed plaintiff Sherf;

2. how much harm actually resulted to plaintiff Sherf, from defendant Antoniak's wrongful conduct;

3. what amount of punitive damages, in addition to the other damages already awarded, is needed, considering defendant Antoniak's financial condition, to punish defendant Antoniak for his wrongful conduct toward plaintiff Sherf and to deter defendant Antoniak and others from similar wrongful conduct in the future; and

4. in order to achieve the purposes of punitive damages set forth above, the amount of any punitive damages award should bear a reasonable relationship to the amount of compensatory damages you awarded, if any.

## Instruction No. 16

You must not award plaintiff Sherf an additional amount as punitive damages under Instruction 11 or Instruction 12, unless you believe the conduct of defendant Antoniak, as submitted in Instruction 11 or Instruction 12 was malicious or recklessly indifferent to plaintiff Sherf's federally protected rights.

# VERDICT

**Note:** Complete this form by writing in the names required by your verdict.

On plaintiff Gregory Sherf's claim against defendant Charles Antoniak, as submitted in Instruction No. __11__, we find in favor of:

_____
    Plaintiff Gregory Sherf       or       Defendant Charles Antoniak

**Note:** Complete the following paragraphs only if the above finding is in favor of plaintiff Sherf.

We find plaintiff Gregory Sherf's damages to be:

$_____ (stating the amount, or if you find that plaintiff Sherf's damages have no monetary value, set forth a nominal amount such as $1.00).

**Note:** You may not award punitive damages against defendant Antoniak unless you have first found against defendant Antoniak and awarded plaintiff Sherf nominal or actual damages.

We assess punitive damages against defendant Charles Antoniak as follows:

$_____ (stating the amount or, if none, write the word "none").

_____
Foreperson

Dated: _____

# VERDICT

**Note:**   Complete this form by writing in the names required by your verdict.

On plaintiff Gregory Sherf's claim against defendant Charles Antoniak, as submitted in Instruction No. _12_, we find in favor of:

_____
    Plaintiff Gregory Sherf      or      Defendant Charles Antoniak

**Note:**   Complete the following paragraphs only if the above finding is in favor of plaintiff Sherf.

We find plaintiff Gregory Sherf's damages to be:

$_____ (stating the amount, or if you find that plaintiff Sherf's damages have no monetary value, set forth a nominal amount such as $1.00).

**Note:**   You may not award punitive damages against defendant Antoniak unless you have first found against defendant Antoniak and awarded plaintiff Sherf nominal or actual damages.

We assess punitive damages against defendant Charles Antoniak as follows:

$_____ (stating the amount or, if none, write the word "none").

_____
Foreperson

Dated: _____